UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOSHUA EMANUEL WHITTED, ) | Civil Action No.: 4:16-cv-1701-HMH-TER |
| Plaintiff, ) | |
| -vs- ) | **REPORT AND RECOMMENDATION** |
| LT. DOROTHY SIMMONS, ) LT. SANDERSON, MAJOR WEST, ) and CAPT. EDGE, ) | |
| Defendants. ) | |

Plaintiff, who is proceeding pro se, appears to allege that Defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs. Presently before the court is Plaintiff's Motion for Preliminary Injunction (Document # 25). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

In his motion, Plaintiff argues that he believes his legal mail has been tampered with as a form of retaliation, although he does not name who he believes has tampered with his mail. As a result, he seeks "a motion for an injunction in order to restore rights to legal mail, . . . for possible administrative transfer to another institution" because of the interference with his legal mail and for appointment of counsel. Motion for Prelim. Inj. pp. 2-3.

The purpose of a preliminary injunction is to preserve the status quo pending a final trial on the merits. Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir.1999). A party seeking a preliminary injunction must establish all four of the following

elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); The Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346–47 (4th Cir.2009), vacated on other grounds, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010), restated in relevant part on remand, 607 F.3d 355 (4th Cir.2010) (per curiam).  A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim presently before the court. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345–46.  Plaintiff fails to address these elements or present sufficient facts or evidence to satisfy them.  A preliminary injunction is an extraordinary and drastic remedy, and in the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. See Munaf v. Geren, 553 U.S. 674. 689-00 (2008); Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Because Plaintiff has failed to show such circumstances, it is recommended that his Motion for Preliminary Injunction (Document # 25) be denied.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 29, 2016  
Florence, South Carolina

**The parties are directed to the important information on the following page.**