UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOSHUA EMANUEL WHITTED, ) | Civil Action No.: 4:16-cv-1701-HMH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| LT. DOROTHY SIMMONS, ) | |
| LT. SANDERSON, MAJOR WEST, ) | |
| and CAPT. EDGE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, who is proceeding pro se, appears to allege that Defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs. Presently before the court are Plaintiff's Motion for Copies (Document # 23), Motion to Appoint Counsel (Document # 32), Motion for Extension of Time (Document # 34), Motion for Leave to file Amended Complaint (Document # 39), and Motion for Extension of Time (Document # 43). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

Plaintiff asks the court to appoint counsel for him in this case. Appointment of counsel in civil cases is appropriate only in exceptional circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir.1975) (internal citation omitted). Whether exceptional circumstances exist depends on "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984) (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir.1982)). Plaintiff's case does not involve complex issues. Furthermore, Plaintiff's filings in this case demonstrate that he can sufficiently articulate his claims and prosecute his case. A review of this case as a whole reveals that exceptional circumstances do not exist that would warrant the

appointment of counsel. Thus, his motion for appointment of counsel is denied.

Plaintiff has also filed a motion to amend (Document # 39), in which he states that he wants to "slightly amend the complaint" but needs a copy of the complaint as previously requested in his motion for copies (Document # 23) "in order for the Plaintiff to see exactly what would need to be amended." In a subsequently filed motion for extension of time (Document # 43), Plaintiff states that he has now received a copy of his complaint and seeks additional time to file a motion to amend the complaint. Therefore, Plaintiff's motion for copies and motion to amend are moot. Plaintiff's motion for extension of time is granted and the deadline to file his motion to amend pleadings is extended to October 17, 2016.

Plaintiff also requests an extension of time to "respond" to Defendants' answer. Rule 12(a)(1)(C) of the Federal Rules of Civil Procedure allows 21 days to file a reply to an answer if a reply has been ordered by the court. Here, Plaintiff has not been ordered to reply. Therefore, no reply to the Answer is necessary. Plaintiff may make any arguments he seeks to raise before the court in a motion or in response to any motion filed by Defendants. Accordingly, Plaintiff's motion for extension of time (Document # 34) is denied.

For the reasons set forth above, Plaintiff's Motion for Copies (Document # 23) is **MOOT**, Motion to Appoint Counsel (Document # 32) is **DENIED**, Motion for Extension of Time (Document # 34) is **DENIED**, Motion for Leave to file Amended Complaint (Document # 39) is **MOOT**, and Motion for Extension of Time (Document # 43) is **GRANTED**. **Motions to amend pleadings must be filed no later that October 17, 2016.**

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 29, 2016  
Florence, South Carolina