UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOSHUA EMANUEL WHITTED, | Civil Action No.: 4:16-cv-1701-HMH-TER |
| Plaintiff, | |
| -vs- | |
| | REPORT AND RECOMMENDATION |
| LT. DOROTHY SIMMONS, LT. SANDERSON, MAJOR WEST, and CAPT. EDGE, | |
| Defendants. | |

Plaintiff, who is proceeding pro se, appears to allege that Defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

Presently before the court is Defendants' Motion for Summary Judgment (ECF No. 67). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the motion being granted and his case being dismissed. Plaintiff did not file a response to the motion. Thus, the undersigned entered a second order (ECF No. 72) directing Plaintiff to file a response to Defendants' motion within ten days of the date of the order. The order further warned Plaintiff that failure to do so would result in a recommendation that the case be dismissed for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

Instead of filing a response to the motion for summary judgment, Plaintiff filed his third motion to appoint counsel, or, in the alternative, an extension of time to respond to the motion for summary judgment (ECF No. 76). The undersigned denied Plaintiff's motion to appoint counsel but extended his time to file a response to the summary judgment motion until October 16, 2017. In the order (ECF No. 81), the undersigned noted that "**No further extensions are anticipated.**" The order was returned to the court as undeliverable (ECF No. 84) with the notation "No longer at this address." To date, Plaintiff has not filed a response to the motion for summary judgment or made any other filing with the court.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid

four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case. He has failed to respond to the present motion for summary judgment despite two warnings that his case may be dismissed if he failed to respond and two extensions of time within which to respond. The undersigned acknowledges that Plaintiff never received the order denying his motion to appoint counsel and extending his time to respond to the motion for summary judgment because he is no longer at the address listed in the record. However, Plaintiff was warned when he first initiated this action to "always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this order.**" (ECF No. 8). For these reasons, dismissal under Rule 41(b) is appropriate.

### III. CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b).

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 5, 2017
Florence, South Carolina

**The parties are directed to the important information on the following page.**